# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 04-0705-PHX-NVW |
| Plaintiff-Respondent, | No. CV 04-2765-PHX-NVW(JM) |
| v. | **REPORT AND RECOMMENDATION** |
| Jose Antonio Gamez-Alvarado, | |
| Defendant-Movant. | |

Pending before the Court is Movant's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Docket No. 13]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Motion.

## I.   CLAIMS

Movant Jose Antonio Gamez-Alvarado is currently confined at California City Correctional Center in California City, California. On December 3, 2004, he filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging that he was not thoroughly informed of the consequences of signing the plea agreement, and that the court unfairly considered his prior criminal history to enhance his sentence.

1

## II. BACKGROUND

On July 1, 2004, Movant was charged by information with two counts of Reentry After Deportation in violation of 8 U.S.C. § 1326(a), which were enhanced by section 1326(b)(2). *Docket No. 6*. On July 1, 2004, pursuant to a written plea agreement, Movant pled guilty before Magistrate Judge Irwin to one count of illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a), enhanced by section 1326(b)(2), as charged in Count Two of the Information. *Docket No. 8* (Findings and Recommendation of the Magistrate Judge Upon a Plea of Guilty and Order); *Docket No. 12* (Plea Agreement). On September 27, 2004, District Judge Wake sentenced Movant to be committed to the Bureau of Prisons for a term of twenty-six months, to be followed by three years of supervised release. *Docket No. 11* (Judgment in a Criminal Case). Movant did not appeal.

## III. LEGAL DISCUSSION

### A. Ground One

In Ground One of the Motion, Movant alleges that his plea agreement was inadequately explained:

> I was not completely aware of the implications of my agreement. I thought that upon signing a Plea of Guilty, I would be released and would be able to go back to my country. I did not know that it would mean that [I] would have to spend so long in jail, away from my family and without being able to provide them with their basic needs.

*Motion*, p. 4. This argument implicates both a potential Rule 11 violation by the court in accepting the plea and an ineffective assistance of counsel claim. The record fails to support either claim.

The court's role in accepting a plea of guilty is to address the defendant and determine that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. *See* Fed.R.Crim.P. 11(b)(2) (West 2004); *United States v. Kamer*, 781 F.2d 1380, 1385 (9th Cir.1986). Rule 11 is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. *See Kamer,* 781 F.2d at 1385. As a threshold matter, Movant unequivocally told Magistrate Judge Irwin at his

change of plea hearing he (1) had not been threatened, (2) was promised nothing, and (3) was satisfied with appointed counsel's services, s*ee* Tr. 14-15 (no promises), 21-22 (no threats) & 11-12 (satisfied with counsel), and these "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir. 1987) (internal quotation marks and citation omitted). In such circumstances, the court may credit a defendant's testimony at a Rule 11 hearing over his subsequent declarations. *See United States v. Castello,* 724 F.2d 813, 815 (9th Cir. 1984).

Additionally, the 28-page transcript of the plea proceedings shows that the court patiently and scrupulously fulfilled its duties under Rule 11(b)(1). The Rule 11 requirements particularly pertinent to Movant's claim provide that the court must determine that the defendant understands "the nature of the charge to which the defendant is pleading;" "any maximum possible penalty, including imprisonment, fine and term of supervised release;" and "any mandatory minimum penalty." Fed.R.Crim.P. Rule 11(b)(1)(G)-(I). The record shows that Magistrate Judge Irwin addressed Movant on each of these issues. Movant was questioned as to whether he had seen the charging document and was asked if it had been read to him in his native language, Spanish. Tr. 12. He replied affirmatively and also confirmed that he had spoken to his lawyer about the charges and that he understood them. Tr. 12. When similarly questioned about the plea agreement, Movant again indicated that it had been read to him in Spanish, that his lawyer answered his questions, and that he understood it. Tr. 14. Judge Irwin also informed Movant of the potential maximum and minimum sentences for re-entry after deportation. Tr. 15-16. Movant was told that the plea agreement provided for three different sentencing ranges depending on his criminal history, with a maximum of 63 months. Tr. 16-17. Even the most generous interpretation of this record discloses nothing that would support Movant's belief that "upon signing a plea of guilty, [he] would be released and would be able to go back to [his] country."

Movant's argument is similarly unpersuasive when considered as claim of ineffective assistance of counsel. Pursuant to the Sixth Amendment of the United States Constitution,

3

a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688. Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise. *Id.* at 689-90.

The *Strickland* test applies to claims that a defendant did not receive effective assistance in determining whether to accept a guilty plea. *See United States v. Day*, 285 F.3d 1167, 1172 (9th Cir. 2002). Under the test, a mere inaccurate prediction of the sentence, standing alone, does not constitute ineffective assistance. *Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir. 1990); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Rather, Movant must establish that his attorney grossly mischaracterized the likely outcome and provided erroneous advice on the effects of going to trial. *Iaea*, 800 F.2d at 865.

As mentioned above, during his change of plea hearing, Movant acknowledged that the plea agreement had been read to him, that any questions he had about the agreement were answered and that he understood the agreement. The agreement explicitly provides for a sentence, depending on Movant's criminal history, in the range of 10 to 63 months. *Docket No. 12*, pp. 2-4. Movant was sentenced to 26 months. Despite his hopes for less time, the record establishes that he was fully apprised by his lawyer and by the court of the potential sentence to be imposed under the agreement.

The record does not support a finding of ineffective assistance of counsel. Movant

4

has not identified any inaccurate prediction of the sentence ultimately imposed. To the contrary, the record discloses that his lawyer had "given him [his] best estimate of the guideline that [would apply] to him." Tr. 16. In light of the specific and thorough explanation of the consequences of entering a guilty plea, Movant cannot genuinely claim he was surprised by his sentence. Moreover, there is no evidence suggesting that he was provided erroneous advice on the effects of going to trial. *Iaea*, 800 F.2d at 865. As such, the Court recommends that this claim be denied.

### B.     Ground Two

Movant's next claim implicates an alleged violation of the protection against double jeopardy because he alleges the sentencing court improperly used his criminal record to enhance his sentence. *Motion*, p. 4. It is not a violation of the Double Jeopardy Clause for the sentencing court to consider a defendant's past criminal history in determining the sentence for the instant offense of conviction. *See United States v. Wright,* 891 F.2d 209, 212 (9th Cir.1989); *see also Missouri v. Hunter,* 459 U.S. 359, 366 (1983) ("Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). As such, this claim also fails and the Court recommends that it also be denied.

### IV.    RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Movant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody [Docket No. 13].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See*

28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 04-2765-PHX-NVW**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 30th day of January, 2006.

/s/ Jacqueline Marshall
Jacqueline Marshall
United States Magistrate Judge